Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200502-81726
DATE: August 31, 2021

ORDER

The reduction of a disability from 30 percent to 10 percent for a service-connected asthma effective July 1, 2020, was improper, and the restoration of the prior 30 percent rating is granted. 

FINDINGS OF FACT

1. At the time of the April 2020 rating decision reducing the disability rating for service-connected asthma disability from 30 percent to 10 percent, effective July 1, 2020, the disability rating of 30 percent had been in effect fewer than five years.

2. At the time of the effective date of the April 2020 rating decision reducing the disability rating for service-connected asthma disability from 30 percent to 10 percent, effective July 1, 2020, a preponderance of the evidence of record did not demonstrate actual improvement in the Veteran's ability to function under the ordinary conditions of life and work.

CONCLUSION OF LAW

The criteria for a restoration of a 30 percent rating for a service-connected asthma disability have been met. 38 U.S.C. § 1155, 5103, 5103A, 5107 (2018); 38 C.F.R. §§ 3.102, 3.105, 3.321, 3.344, 4.1, 4.2, 4.3, 4.7, 4.10, 4.13, 4.97, Diagnostic Code 6602 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active military service from June 2008 to December 2008.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from April 2020 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). In May 2020, the Veteran appealed to the Board and elected the direct review option. As such, the Board will consider the evidence of record at the time of the April 2020 rating decision on appeal. 38 C.F.R. § 20.301.

Rating Reduction-Asthma

The Veteran challenges the reduction of the rating for his asthma from 30 percent to 10 percent disabling and contends that his asthma has not improved, but rather has become worse.

In any case involving a rating reduction, the fact-finder must ascertain, based upon a review of the entire record, whether the evidence shows an actual change in the disability and whether the examination reports reflecting such change are based upon a thorough examination.

VA regulations provide for specific notice requirements in instances where a reduction in rating is considered. 38 C.F.R. § 3.105 (e). When a rating reduction is considered and the lower rating would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction must be prepared and mailed to the Veteran's address of record. 38 C.F.R. § 3.105 (e). A proposed rating decision should set forth all of the material facts and reasons for the proposed reduction. 38 C.F.R. § 3.105 (e). The Veteran must be given 60 days to present additional evidence showing that compensation payments should be continued at the present level. 38 C.F.R. § 3.105 (e).

A reduction of a rating generally must be supported by the evidence on file at the time of the reduction, but pertinent post-reduction evidence favorable to restoring the rating must also be considered. Dofflemeyer v. Derwinski, 2 Vet. App. 277 (1992). If there is an approximate balance of positive and negative evidence regarding any material issue, all reasonable doubt shall be resolved in favor of the Veteran. In other words, a rating reduction must be supported by a preponderance of the evidence. 38 U.S.C. § 5107 (a); Brown v. Brown, 5 Vet. App. 413 (1993).

The provisions of 38 C.F.R. § 3.344 (a) require a review of the entire record of examinations and the medical history to ascertain whether the recent examination was full and complete. 38 C.F.R. § 3.344 (a). Examinations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction. Ratings will not be reduced on any one examination, except where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated, and it is reasonably certain that any material improvement will be maintained under the ordinary conditions of life. 38 C.F.R. § 3.344. If doubt remains, after according due consideration to all the evidence developed by the several items discussed in 38 C.F.R. § 3.344 (a), the rating agency will continue the rating in effect, citing the former diagnosis with the new diagnosis in parentheses. 38 C.F.R. § 3.344 (b).

The provisions of 38 C.F.R. § 3.344 (a) and 38 C.F.R. § 3.344 (b) apply to ratings which have continued for long periods at the same level, for 5 years or more. 38 C.F.R. § 3.344. They do not apply to disabilities which have not become stabilized and are likely to improve. Reexaminations disclosing improvement, physical or mental, in those disabilities will warrant reduction in rating. 38 C.F.R. § 3.344 (c). Collier v. Derwinski, 2 Vet. App. 247 (1992). Here, the Veteran's service-connected asthma ratings have not continued at the same level for at least 5 years. Consequently, the provisions of 38 C.F.R. § 3.344 (a) and (b) regarding stabilization of ratings do not apply in determining whether the reduction was proper. See 38 C.F.R. § 3.344 (c); Peyton v. Derwinski, 1 Vet. App. 282, 286-87 (1992).

A June 2019 primary care note indicates that the Veteran uses albuterol inhaler about twice a week for asthma. An August 6, 2019 telephone encounter note shows the Veteran called to report that she has been experiencing a nonproductive cough with slight chest tightness for about the last week. It was not an emergency and she denied shortness of breath or wheezing. She stated that she uses her albuterol inhaler one to two times daily now. A September 2019 pulmonary diagnostic study consult note indicate spirometry with evidence of mild airflow obstruction and significant response to bronchodilators. FVC and FEV-1 were within normal limits. FEV-1/FVC was reduced. The addendum to the September 2019 PFTs indicated that the pulmonary function testing performed shows evidence of mild asthma. Further, a September 18, 2019 telephone encounter note indicates that the Veteran called stating that her asthma symptoms were not resolving, and she requested a pulmonary function test (PFT).

At the August 2019 VA examination for respiratory conditions, the Veteran reported that her current symptoms were tightness, and frequent coughs with occasional wheezing. She indicated that she uses Albuterol more frequently. She further indicated that walking for long periods of time and going up and down stairs causes shortness of breath. Upon physical examination, examiner noted that that her respiratory condition does not require the use of oral or parenteral corticosteroids but does require the use of inhaled medications. Inhalation bronchodilator therapy provided relief to her on an intermittent basis. There is no required use of oral bronchodilators, antibiotics, or outpatient oxygen therapy. The examiner noted that the Veteran has not had any asthma attacks with episodes of respiratory failure in the past twelve months. There were no physical visits for required care of exacerbations. The examiner noted that the August 2019 chest X-ray indicated that her lung fields are well expanded and clear. The cardiac silhouette was unremarkable. The diaphragms and bony thorax are within normal limits. The PFT results were FVC 103 percent predicted, FEV-1 91 percent predicted, and FEV-1/FVC 75 percent pre-bronchodilator. The examiner indicated that the post-bronchodilator testing was not completed because the pre-bronchodilator testing results were normal. DLCO testing method was not completed. The Veteran's respiratory condition does impact her ability to work. She must avoid dusty environments.

Following a review of the record, the Board finds that the RO's decision to reduce the Veteran's asthma rating from 30 percent to 10 percent during the appeal period was improper. There have not been two factual findings that must be made for a valid reduction of a non-protected disability rating: (1) actual improvement in the disability and (2) that improvement reflects improvement in the ability to function under the ordinary conditions of life and work. See Stern v. McDonough, No. 18-4425 (April 10, 2021). In addition, the record reflects the service-connected disability still impacts her ability to function under the ordinary conditions of life and work.

The evidence considered by the RO in its decision to reduce the rating included VA treatment records, pulmonary function tests and an examination report. As to the severity of the Veteran's service-connected asthma, the August 2019 VA examination report demonstrated some improvement of her asthma disability. The examiner noted that her lungs fields were well expanded and clear. Further, the pulmonary tests results were consistent with a 10 percent rating.(i.e. FEV-1 and FEV-1/FVC values were all greater than 70 percent and 55 percent respectively pre-bronchodilator). The September 2019 treatment records did show that the pulmonary function testing performed showed evidence of mild asthma. Moreover, the Veteran's asthma ratings have not continued at the same level for at least 5 years. Thus, the asthma ratings have not become stabilized and are likely to improve. See 38 C.F.R. § 3.344 (c); Peyton v. Derwinski, 1 Vet. App. 282, 286-87 (1992). However, the improvement in her asthma disability did not reflect improvement in the Veteran's ability to function under the ordinary conditions of life and work. The Veteran started using inhalational anti-inflammatory medication more frequently. The medication increased from twice a week to twice daily. Further, the September 18, 2019 treatment record revealed that she called stating that her asthma symptoms were not resolving, and she requested a pulmonary function test (PFT). Furthermore, the August 2019 VA examination report showed that she had current symptoms of tightness and frequent coughing with occasional wheezing. Moreover, the Veteran was functionally impaired in that walking for long periods of time caused shortness of breath and going up and down stairs caused her to be short-winded. The Veteran's asthma did impact her ability to work in that she avoided dusty environments in the workplace. In sum, there was some improvement of her asthma, but the Veteran still struggled with her ability to function with asthma under the ordinary conditions of life and work.

Under these circumstances, the Board finds that the rating reduction from 30 percent to 10 percent effective July 1, 2020 for the asthma disability was improper because the evidence of record does not show an improvement in the Veteran's asthma disability under the ordinary conditions of life and work. Therefore, the Board restores the 30 percent rating for the asthma disability effective from July 1, 2020, the date of the rating reduction. 

 

John Kitlas

Acting Veterans Law Judge

Board Veterans' Appeals

Attorney for the Board C. Ivan Franklin

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.